IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-60499
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,


versus

FRED GARNER,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Mississippi
USDC No. 3:96-CR-58
_____

July 31, 1996

Before GARWOOD, JOLLY, and STEWART, Circuit Judges.

PER CURIAM:[*]


Fred Garner appeals the sentence following his guilty plea

conviction for possession with intent to distribute cocaine base.

Garner argues that the district court erred by denying him a

three-point reduction for acceptance of responsibility pursuant to

U.S.S.G. § 3E1.1 and that the court's two-point upward adjustment

_____

[*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

for obstruction of justice pursuant to U.S.S.G. § 3C1.1 violated the double jeopardy clause of the Fifth Amendment.

The double jeopardy clause of the Fifth Amendment is not implicated "before that point in the proceedings at which jeopardy attaches." Serfass v. United States, 420 U.S. 377, 390-91 (1975). Garner's indictment for failing to appear at sentencing could not constitute former jeopardy barring sentencing for the offense of possession of cocaine base with intent to distribute because Garner was not indicted for the failure-to-appear offense until after he pleaded guilty to the instant offense, at which time jeopardy attached, and was sentenced for the offense. See United States v. Bond, No. 94-60771, 1996 WL 361237, at *3-*4 (5th Cir. June 27, 1996). Garner's conduct does not support a finding that this is an extraordinary case in which adjustments for both obstruction of justice and acceptance of responsibility would be appropriate. See United States v. Ayala, 47 F.3d 688, 691 (5th Cir. 1995). Garner's motion to supplement the record is GRANTED.

A F F I R M E D.